UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARDAS MARMARA DENIZ
ISLETMECILIGI A.S.,

       Plaintiff,

- against -

FAST SHIPPING AND TRADING CO.,

       Defendant.

**MEMORANDUM ORDER**
07 Civ. 179(PKL)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/2/07

    Defendant Fast Shipping and Trading Co. ("Fast") moves this Court pursuant to Rule E(4)(f) of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure for an order vacating the process of maritime attachment and garnishment levied in favor of plaintiff Mardas Marmara Deniz Isletmeciligi A.S. ("Mardas") pursuant to this Court's _ex parte_ order dated January 10, 2007. Alternatively, Fast seeks to have the amount of Mardas' security reduced pursuant to Supplemental Rule E(6). For the following reasons, Fast's motion is denied.

## BACKGROUND

    The underlying dispute in this admiralty action arises out of an alleged breach of a maritime charter party contract for use and operation of the ship Gulsam Ana. (Compl. ¶¶ 1, 4.) The alleged breach arose out of the actions of Fast upon the Gulsam Ana's arrival at the discharge port in Turkey on December 30,

2006. (See Sfaelou Decl. ¶ 8.)[1] Mardas alleged that Fast, the owner of the Gulsum Ana, failed to pay Mardas freight, deadfreight, and demurrage. (Compl. ¶¶ 4, 8.) That dispute is subject to arbitration. (Compl. ¶ 10.) On December 29, 2006, Mardas brought an action against Fast and several other parties in the First Civil Court of First Instance in Iskenderun, Turkey, asserting the demurrage claim that is also subject to the arbitration. (See Sfaelou Decl. ¶9, Ex. C.) On January 17, 2007, the Turkish court issued a temporary lien against the cargo of the Gulsam Ana. (See Sfaelou Decl. ¶9, Ex. C.) On May 29, 2006, Sipex Societe D'Investisement and Promotion Des Exportations ("Sipex"), one of Fast's codefendants in the Turkish action and the sender/seller of the ship's cargo, furnished the Turkish court with a letter of guarantee from Albaraka Türk, a bank in Turkey, in order to release the lien on the cargo. (Sfaelou Decl. Exs. C, D.) This letter guarantees satisfaction of judgment the Turkish court may render against Sipex in that action. (Sfaelou Decl. Ex. D.) On June 4, 2006, upon receipt of the letter of guarantee, the Turkish court lifted the lien. (Id.)

Mardas initiated the action in this Court on January 10, 2007 seeking security for a judgment it anticipates in the

---

[1] "Sfaelou Decl." refers to the declaration of Christina Sfaelou, Esq., Fast's Greek attorney, dated July 12, 2007 and submitted in support of Fast's motion.

2



arbitration. Specifically, Mardas sought an ex parte order directing the clerk to issue process of maritime attachment and garnishment against Fast pursuant to Supplemental Rule B in an amount up to $848,798.72. On that day, the Court issued such an order. By letter to the Court dated June 29, 2007, Mardas informed the Court that Fast had paid all of the outstanding claims except the demurrage claim and that Mardas had succeeded in restraining $238,180 toward that demurrage claim. Accordingly, Mardas applied for, and on July 10, 2007 the Court issued, an ex parte order directing the clerk to issue supplemental process of maritime attachment and garnishment in the reduced amount of $261,711.68. By way of order to show cause dated July 12, 2007, Fast now seeks an order pursuant to Supplemental Rule E(4)(f) vacating the process of attachment levied pursuant to the January 10, 2007 order or, alternatively, an order pursuant to Supplemental Rule E(6) reducing the amount of Mardas' security. The parties submitted memoranda of law and affidavits, and a vacatur hearing was held on August 1, 2007.

## DISCUSSION

Fast argues that the attachment should be vacated on two grounds. First, Fast claims that Mardas already has full security for its claims. Second, Fast claims that the amount of security sought is excessive. Fast also argues that, if an order

of vacatur does not issue, the amount of security should be reduced.

When a defendant moves to vacate an attachment pursuant to Supplemental Rule E, the plaintiff bears the burden of showing that the filing and service requirements of Supplemental Rules B and E were met and that

> 1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment.

Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006) (footnote omitted). It is not contested that these requirements were met.

However, the Court of Appeals for the Second Circuit noted in dicta in Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd. that there are other limited circumstances where these requirements have been satisfied but where vacatur of an attachment may nevertheless be justified. See 460 F.3d at 445. Specifically, the Court of Appeals indicated that vacatur is also proper if "the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise." Id. Fast argues that such a circumstance exists. Fast bears the burden of demonstrating that such a circumstance occurs. Id. at n.5.

4

Fast argues that Mardas already has full security for its claim because Sipex has furnished a bank guarantee for the full amount of Mardas' claim. Fast rests this argument on the above quoted dicta in the Court of Appeal's Aqua Stoli opinion. However, the sentence Fast relies on is a restatement of language from earlier in the opinion, where that Court of Appeals states more fully that "[v]acatur is also proper if the defendant's assets sufficient to satisfy a judgment have already been secured elsewhere, yet plaintiff seeks a further attachment." 460 F.3d at 445 (emphasis added). It is uncontested that Mardas has not attached enough of Fast's assets to satisfy a potential judgment.

Further, the Albaraka Türk guarantee does not provide security for a potential arbitration judgment against Fast. The Albaraka Türk guarantee expressly guarantees satisfaction only of a judgment of the Turkish court against Sipex. (See Sfaelou Decl. Ex. D.) There is no indication that Albaraka Türk undertakes to guarantee satisfaction of any judgment the arbitrators may render against Fast or that Fast was intended to benefit from the guarantee. In fact, Fast does not argue that this guarantee will be of any benefit to Mardas if Mardas receives a judgment against Fast only. The Albaraka Türk guarantee thus does not provide security for a potential

5

judgment against Fast and is not grounds for vacatur of the attachment.

Second, Fast argues that the amount of security Mardas has sought is excessive.[2] The thrust of Fast's argument is that, because Mardas is the beneficiary of the Albaraka Türk guarantee, any further security is excessive. This argument is simply a reframing of its initial, unsuccessful, argument and need not be readdressed. However, Fast also argues that Mardas seeks greater security for the demurrage claim in this action than it sought for the identical claim in the Turkish action and that the amount Mardas seeks now is thus excessive. Fast argues that, because the amount of security Mardas seeks is excessive, the attachment should be vacated pursuant to Supplemental Rule E(4)(f) or reduced pursuant to Supplemental Rule E(6).

As previously noted, a maritime attachment is to be vacated pursuant to Supplemental Rule E(4)(f) if the plaintiff does not show that it has satisfied the requirements of Supplemental Rules B and E. See Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006). In addition to these grounds for vacatur, an admiralty court may vacate an attachment

---

[2] Fast made this argument two days after the Court issued the supplemental process of maritime attachment and garnishment reducing the amount of plaintiff seeks as security. Defendant was unaware of this reduction when it applied for the order to show cause. At the vacatur hearing, Fast abandoned this argument to the extent it was rendered moot by the Order Directing Clerk to Issue Supplemental Process of Maritime Attachment and Garnishment this Court issued on July 10, 2007. Thus the Court addresses this argument only to the extent it was not rendered moot.

6



in certain limited circumstances where equity demands. See id. at 444. Because it is uncontested that the formal requirements for attachment have been met, the only bases for vacating the attachment are equitable. Of course, the "'equity powers of an admiralty court remain severely circumscribed.'" Id. (quoting Eddie S.S. Co. v. P.T. Karana Line, 739 F.2d 37, 39 (2d Cir. 1984)) (alteration omitted).

Supplemental Rule E(6) gives the admiralty court the power to reduce the attachment amount "for good cause shown." Fed. R. Civ. P. Supp. Rule E(6); see Transportes Navieros y Terrestes v. Fairmount Heavy Transp. N.V., 07 CV 3076 (LAP), 2007 U.S. Dist. LEXIS 50260 (S.D.N.Y. July 6, 2007). This does not require that the plaintiff prove its damages with "exactitude"; however "the court must be satisfied that the plaintiff's claims are not frivolous." Dongbu Express Co. v. Navios Corp., 944 F. Supp. 235 (S.D.N.Y. 1996).

In this action, Mardas seeks security for a principle amount that is roughly $12,000 more than it sought in the Turkish action, and the computation of interest and legal fees is different. (See Sfaelou Decl. Ex. C; Order Directing Clerk to Issue Supplemental Process of Maritime Attachment and Garnishment; Letter from Mardas' Counsel to the Court (June 29, 2007)). However, at the vacatur hearing, Mardas' counsel explained--and Fast's counsel did not dispute--that the amount

in the Turkish action included only the demurrage that had accrued as of the date that action was filed. Demurrage continued to accrue after the date the Turkish action was filed, and the difference in the amounts reflects the demurrage that accrued between the filing of the Turkish action and this action. This discrepancy is thus accounted for and constitutes grounds neither for vacatur nor reduction of the attachment.

## CONCLUSION

For the reasons set forth herein, defendant's motion is denied.

**SO ORDERED.**
**New York, New York**

August 2, 2007

_____
U.S.D.J.


Copies of this Memorandum Order have been sent by ECF to:

<u>Attorneys for the Plaintiff</u>
Don P. Murnane, Jr., Esq.
Manuel A. Molina, Esq.
FREEHILL, HOGAN & MAHAR, LLP
80 Pine Street
New York, New York 10005


<u>Attorney for the Defendant</u>
Peter Skoufalos, Esq.
BROWN GAVALAS & FROMM, LLP
355 Lexington Avenue
New York, New York 10024